## BROWN *v.* CHRIS NELSEN & SON, INC.

1. CONTRACTS—EMPLOYMENT—SATISFACTORY PERFORMANCE.
   An employer alone is the judge of whether an employee is rendering competent service under an employment contract to be performed by an employee to the satisfaction of his employer.

2. SAME—EMPLOYMENT—COMPETENT PERFORMANCE.
   Competent work is a question of fact to be determined by the fact finder under employment contract providing that an employee's services are to be competent either by express provision or by implication, absent a provision in written contract of employment that the employee must perform to the satisfaction of his employer.

3. MASTER AND SERVANT—TERMINATION OF EMPLOYMENT CONTRACTS —DUTY OF EMPLOYEE.
   An employee is required to be diligent and to perform his duties with a reasonable regard for his employer's interest, but slight or occasional omissions do not always show such neglect as to constitute incompetent work justifying termination of an employment contract.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 35 Am Jur, Master and Servant §§ 28, 41.
[3–5] 35 Am Jur, Master and Servant §§ 41, 42.

4. Contracts—Employment—Breach—Satisfactory Performance —Discharge.

Trial court's holding that defendant employer corporation breached its employment contract with plaintiff employee without good cause *held*, proper, where defendant's president testified that plaintiff failed to perform supervisory duties to his satisfaction, but there was no showing that such failures had occurred in the past or that plaintiff's work had not been satisfactory up to that point or that the failures were so prejudicial to defendant's interest as to justify discharge.

5. Same—Employment—Breach—Evidence—Better Job Offer.

Finding of trial court that an employment contract did exist and that defendant employer had not proved plaintiff employee's work so incompetent as to justify his being discharged *held*, not error, the fact that plaintiff was offered a better job, regardless when such offer was actually made, having no bearing on the question of the competency of his work while under contract with defendant employer.

Appeal from Oakland; Adams (Clark J.), J. Submitted Division 2 November 8, 1967, at Lansing. (Docket No. 3,280.) Decided March 22, 1968.

Complaint by Alexander M. Brown against Chris Nelsen & Son, Inc., a Michigan corporation, for breach of contract. Judgment for plaintiff. Defendant appeals. Affirmed.

*Barry K. Branch,* for plaintiff.

*Maurice A. Merritt,* for defendant.

T. G. Kavanagh, P. J. Plaintiff Alexander M. Brown had been employed by defendant Chris Nelsen & Son, Inc., for approximately 24 years when in July 1963 he asked for and was given a written employment contract. The contract called for a

weekly salary of $500 and was to run for 2 years until July, 1965. Brown agreed to provide "competent field supervision" under the contract.

In December, 1964, defendant's president and general manager concluded that Brown was not performing satisfactorily and discharged him. Brown brought this suit on his contract and from a judgment in his favor in the amount of $5,125, defendant brings this appeal.

The stated questions on appeal are:

1. Was there sufficient unrefuted evidence of plaintiff's incompetent field supervision to justify employer in discharging him, despite written contract granting fixed period of employment?

2. Did the lower court err in discounting plaintiff's alleged incompetence for the given reason that he had purportedly been offered a better job elsewhere at the time of his alleged incompetence?

At the conclusion of proofs the court, who heard the case without a jury, dictated his opinion explaining that he found that there was a valid employment contract and that under it plaintiff was entitled to $5,125. When the court concluded his announcement, counsel for the defendant pointed out that the court made no mention of the reasons for discharge, whereupon the court said:

"I didn't think there was sufficient evidence in the record to indicate that this plaintiff was incompetent on the job, particularly in view of the fact that he was offered a better employment elsewhere during this time when the defendant president felt that he was incompetent. The court simply concluded that there was no sufficient evidence of incompetence to justify the *submission* of the contract."

This part of the court's opinion is an unfortunate expression.

The true issue before the trial court was: Did the employer breach the contract when he discharged plaintiff, or had the employee breached the contract by failing to provide competent field supervision? If the plaintiff was providing competent field supervision, the employer was not justified in discharging him; if he was not providing competent field supervision, the employer was justified in discharging him.

The question before the court was not the plaintiff's competency to do his work; the question was whether the work he did was competent. The fact that he was offered "better employment elsewhere" has no bearing on the question at issue whether the offer was at the time the defendant's president "felt that he was incompetent", or at the time when he felt he was competent—at the time he was hired, or at the time he was fired.

The word "submission" in the last sentence of the court's opinion is confusing. We are convinced that either the court misspoke or the reporter erred in recording his words. "Termination" or a word of like import alone seems consistent with his meaning.

But in any event, the court's order awarded plaintiff $5,125. This action comports only with a conclusion that the employer was not justified in discharging the plaintiff.

We shall test the claimed errors against this conclusion.

Defendant asserts that it alone was to be the judge of whether plaintiff provided competent field supervision. While this indeed has been held to be true when the contract called for service to the employer's satisfaction (see *Lynas* v. *Maxwell Farms* (1937), 279 Mich 684, and *Koehler* v. *Buhl* (1893), 94 Mich 496), there is no such provision in the employment contract with which we are concerned.

Absent such condition the courts uniformly hold that services under an employment contract must be competent, either because of the express provision in the contract (as here) or by implication. See annotation: "Negligence or incompetency as a ground for discharge of an employee", 49 ALR 472. In such cases competent work is a question of fact to be determined by the fact finder.

An employee is required to be diligent and to perform his duties with a reasonable regard for his employer's interest. Slight or occasional omissions do not always show such neglect as to constitute incompetent work allowing for termination of the employment contract. In the present case the president of the defendant corporation testified to what he referred to as 3 incidents where the employee failed to perform his duties with the continuous skill expected of a person in his position. There was no showing that such failures had occurred in the past or that the employee's work had not been satisfactory up to that point. One of the 3 omissions took place the day on which, according to plaintiff, he had been given permission to be away from work. Defendant's president did not question that such permission was given, but merely claimed that plaintiff's absence allowed for inadequate supervision over the construction crews and resulted in work stoppage. The other 2 incidents occurred about 1 week later. The president made no mention of these to plaintiff until his discharge on December 14th.

The evidence offered failed to prove to the trial judge that plaintiff's neglect, if it was neglect, was so greatly prejudicial to the employer's interest as to justify a discharge. The trial court found that the employee's work was not incompetent, and, therefore, the employment contract was breached by the employer without good cause. A review of the record before us supports such a finding.

The reference to a better job offer made by the trial judge in his opinion does not have the serious effect which defendant attributes to it. It is true that plaintiff's alleged job offer existed in July 1963 when the contract was made and not at the time of discharge in December 1964. However, reading the opinion in its entirety, it becomes apparent that the trial judge considered plaintiff's unrefuted claim of a better job offer to arrive at his finding that an employment contract did exist, and then, upon appraising the evidence presented, found that the employer had not proved the employee's work so incompetent as to warrant discharge. This Court finds no error in the lower court finding.

Affirmed, with costs to appellee.

FITZGERALD and McGREGOR, JJ., concurred.